UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 1:21-cr-00311-CRC |
| v. : | |
| : | |
| JEREMY DANIEL GROSECLOSE, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE TO THE
DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The United States, by and through its undersigned attorneys, respectfully submits this response to the defendant's proposed jury instructions and its objections to the government's proposed instructions. ECF No. 82. For the reasons stated herein, the Court should not grant the defendant's request, and should follow the instructions proposed by the government.

**I.     Defendant's Proposed Instructions**

First, for Count Two, the defendant proposes a definition of "corruptly" which is contrary to the law. He asks this Court to find that he engaged in "independently, unlawful, felonious conduct *that impairs the integrity or availability of evidence*." ECF No. 82 at 1 (emphasis added). This limitation was rejected by *United States v. Fischer*, 64 F.4th 329, 350 (D.C. Cir. 2023), and the defendant appears to recognize this, as he cites only the dissenting opinion from *Fischer*. *United States v. Robertson*, No. 22-3062, 2023 U.S. App. LEXIS 27878 (D.C. Cir. Oct. 20, 2023), similarly rejects the idea that proof of a violation of this statute requires independently felonious means, or that it requires the intent to procure an unlawful benefit for himself or some other person. *Id.* at *38-39. And the Court in Robertson explicitly declined to decide whether "minor protests" and "non-criminal tortious activity" fell outside the scope of 18 U.S.C. § 1512(c)(2). *Id.* at *30-

31. This case does not require its resolution, either, as the defendant here engaged in conduct that went beyond minor protesting and non-tortious criminal activity.

Second, the defendant seeks an instruction that, in order to be guilty of aiding and abetting an obstruction of an official proceeding, the defendant must have had advance knowledge that others were committing, or planning to commit, that offense. For that proposition, he cites *United States v. Rosemond*, 572 U.S. 65 (2014). *Rosemond* does not apply, however. In *Rosemond*, the Supreme Court addressed 18 U.S.C. § 924(c), which criminalizes the use, carrying, or possession of a firearm during and in relation to a crime of violence or drug trafficking offense. The Court in *Rosemond* decided that "the §924(c) defendant's knowledge of a firearm must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice." *Rosemond* covers a specific type of case, and does not change the general principle that to be found guilty of most crimes, including this one, a person must have the requisite intent at the time of their offense—premeditation, or advance knowledge, is not required.

## II.     Defendant's Objections to the Government's Proposed Instructions

First, the defendant contends that, to prove Count One, which charges a violation of 18 U.S.C. § 231(a)(3), the government must prove either a substantial effect on commerce or interference with a federally protected function that does not include the United States Capitol Police. ECF No. 82 at 2. He recognizes that these arguments are foreclosed by the Court's prior denial of his motion to dismiss. ECF No. 50.

Second, the defendant objects to the government's proposal that the instruction on knowledge includes an advisement that the fact-finder may consider what the defendant did, said, or perceived. The government maintains that the things the defendant perceived on January 6,

2021, are probative of his knowledge and fair game for argument. As support, it refers to the authority cited in its proposed jury instructions. ECF No. 79 at 5 n. 4.

                                MATTHEW M. GRAVES
                                UNITED STATES ATTORNEY
                                D.C. Bar No. 481052

By:    */s/ Michael J. Romano*
        Michael J. Romano
        IL Bar No. 6293658
        Deputy Chief, Capitol Siege Section

        */s/ Anthony W. Mariano*
        Anthony W. Mariano
        MA Bar No. 688559
        Trial Attorney / Detailee
        Capitol Siege Section